ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 MAY 29 AM 10: 03
DEPUTY CLERK _____

| | | |
|---|---|---|
| In re Letter of Request from the Bacau Law Court of Romania; Matter of Chitescu Alexandra Maria v. Chitescu Marian Tiberiu | § § § § § § | No. 3-13 MC-0.72-D |

# APPLICATION FOR ORDER PURSUANT TO
# TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions the Court for an Order pursuant to 28 U.S.C. § 1782 and the Court's inherent authority appointing Special Assistant United States Attorney Stephanie N. Toussaint as commissioner to collect evidence from witnesses within the jurisdiction of this Court and to take such other action as is required to execute the above-captioned and attached request.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Stephanie N. Toussaint
STEPHANIE N. TOUSSAINT
Special Assistant United States Attorney
Texas Bar No. 24045253
1100 Commerce Street, 4th Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Fax: 214.659.8807
Email: Stephanie.Toussaint2@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re Letter of Request from the | § | |
| Bacau Law Court of Romania; | § | |
| Matter of Chitescu Alexandra Maria v. | § | No. |
| Chitescu Marian Tiberiu | § | |
| | § | |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide evidence requested by a judge of the Bacau Law Court (hereinafter the Requesting Authority) for use in an investigation in Romania (hereinafter the Requesting State) and appointing a commissioner to collect it. The application is based upon the attached letter of request, hereinafter the Request. (App. at 1.) The information sought concerns a civil proceeding currently underway in Romania. The Requesting Authority believes a certain company based in the Northern District of Texas may have information related to the lawsuit, such as the defendant's employment status and income. The Requesting Authority needs those facts to draft an appropriate order in the civil proceeding.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. **Authority to grant a foreign request for assistance**

Title 28, United States Code, § 1782, provides in pertinent part that:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

...to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782 (hereinafter "1964 U.S.C.C.A.N."). By enacting § 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago,* 648 F. Supp. 464 (S.D. Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), *cert. denied,* 488 U.S. 1005 (1989). More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. *See, e.g., In re Letters Rogatory from the Tokyo District, Tokyo, Japan,* 539 F.2d 1216, 1218-1219 (9th Cir. 1976). In sum, § 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

    a.    Purpose and source of the foreign request

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782. Foreign requests for judicial assistance may be made by a foreign court or tribunal,

including an investigating magistrate or juge d'instruction. *In re Letter of Request from the Government of France*, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987). Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. *In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019 (9th Cir. 1994); *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 690 (D.C. Cir. 1989); *Trinidad and Tobago*, 648 F. Supp. at 466.

      b.      <u>Discoverability in the requesting state of the assistance requested</u>

District courts need not determine whether foreign requests for assistance seek materials that are discoverable under the laws of the requesting nations. As the Supreme Court stated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004):

> Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discoverable in the foreign jurisdiction if the materials were located there. "If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect." [Citations omitted.]

In evaluating requests from foreign courts, U.S. courts can rely on each foreign court to be "the arbiter of what is discoverable under its procedural rules." *In re Letter Rogatory from the First Court of First Instance in Civil Matters, Caracas, Venezuela*, 42 F.3d 308, 310-311 (5th Cir. 1995). In evaluating requests from sources other than foreign courts, concerns regarding the discoverability of requested material under foreign law are

"simply one factor that a district judge may consider" in determining whether to provide assistance. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995).

### c. Admissibility in the requesting state of the assistance requested

A district court generally should not decide whether the requested evidence will be admissible in the foreign court. *Trinidad and Tobago*, 848 F.2d at 1156; *In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea*, 555 F.2d 720, 723 (9th Cir. 1977); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F.Supp. 204, 211 (S.D.N.Y. 1993); *France*, 139 F.R.D. at 592 ("Absent a showing that a requesting country is manipulating section 1782 in a manner offensive to concepts of fundamental due process and fairness, United States Courts are not to embark upon the task of deciding the propriety of the ultimate uses of evidence gathered under the Section."). Nonetheless, the district court should be alert that the procedures it establishes for collecting the evidence requested are consistent with its use in a judicial proceeding in the requesting state. *See United Kingdom*, 870 F.2d at 692-693.

### 2. Authority to appoint a commissioner

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given, or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person (the "commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or

authority. *See, e.g., Intel*, 542 U.S. at 247. With requests for assistance in criminal matters, a district court typically appoints an Assistant United States Attorney as commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. *See, e.g., In re Letter of Request from the Supreme Court of Hong Kong*, 138 F.R.D. 27, 28-29 (S.D.N.Y. 1991). *See also Haiti*, 669 F. Supp. at 408.

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. *United Kingdom*, 870 F.2d at 688; *Japan I*, 539 F.2d at 1219.

### 3. Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." *United Kingdom*, 870 F.2d at 693, citing 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. *Japan II*, 16 F.3d at 1019; *Hong Kong II*, 138 F.R.D. at 31. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a).

### a. Commissioner's subpoena

If a district court so orders, a commissioner may use a commissioner's subpoena (App. at 7.) to obtain the requested evidence. *See In re: Commissioner's Subpoenas*, 325 F.3d 1287, 1291 (11th Cir. 1993) (incorporating in pertinent part the district court's order directing use of commissioner's subpoenas); *United States v. Erato, 2 F.3d 11*, 13-14 (2d Cir. 1993) (same). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. *See* 28 U.S.C. 1651; *White v. National Football League, et. al*, 41 F.3d 402, 409 (8th Cir. 1994), *cert. denied*, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it); FED. R. CRIM. P. 57(b). Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request, including subpoenas compelling the production of evidence located outside the district by a person or entity present in the district.

### b. Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or authority. In the absence of a specific request to provide notice, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum,

if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

    c.    <u>Right to Financial Privacy Act</u>

The Right to Financial Privacy Act, 12 U.S.C. 3401 et seq., does not apply to the execution of foreign legal assistance requests. *Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989), *cert. denied*, 493 U.S. 1072 (1990); *Haiti*, 669 F. Supp. at 407; *Hong Kong I*, 821 F. Supp. at 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails the production of bank or financial records, the notice provisions of the Act do not apply.

### 4. **The Present Request**

Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., Trinidad and Tobago*, 848 F.2d at 1153-54. Based upon the facts set forth therein, this Request is of the type that Congress contemplated when it enacted Section 1782 and expanded the authority of federal courts to assist foreign tribunals. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in the Requesting State, appointing the undersigned Special Assistant United States Attorney Stephanie N. Toussaint as commissioner, authorizing her to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the

evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in the Requesting State.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ *Stephanie N. Toussaint*
STEPHANIE N. TOUSSAINT
Special Assistant United States Attorney
Texas Bar No. 24045253
1100 Commerce Street, Suite 300
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Fax: 214.659.8807
Email: Stephanie.Toussaint2@usdoj.gov

## CERTIFICATE OF NO SERVICE

I hereby certify that on May 29, 2013, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. Because the request seeks an ex parte appointment of Stephanie N. Toussaint as a commissioner for purposes of gathering evidence for a foreign tribunal, the document was not served on any other party.

/s/ *Stephanie N. Toussaint*
STEPHANIE N. TOUSSAINT
Special Assistant United States Attorney